| | |
|---|---|
| In re: | Chapter 11 |
| AGF MACHINERY, LLC, | Case No. 20-11029 |
| Debtor.           / | *Emergency Hearing Requested* |

# DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**STATEMENT OF RELIEF REQUESTED**

**The Debtor seeks authority to use cash collateral to fund its operating expenses and the costs of administering this Chapter 11 case in accordance with a proposed budget which will be filed with the Court in advance of the initial hearing on this motion. The Debtor believes that some or all of the Lenders (as defined below) may assert perfected security interests in cash collateral. As adequate protection, the Debtor proposes to grant Synovus Bank replacement liens to the same extent, validity, and priority as existed as of the Petition Date and to pay accrued interest on a monthly basis on the line of credit with Synovus Bank pursuant to the governing loan documents.**

AGF MACHINERY, LLC, as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order authorizing the use of cash collateral and, in support thereof, represents as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought herein are Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

3. On August 12, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor is an Alabama limited liability company founded by Jeff Washington in 2007. The Debtor rents Wacker Neuson, ASV, Sky Jack, Toro, and Husqvarna brand heavy equipment and machinery (i.e., generators, air compressors, hand-held cutoff saws, skid steer loaders, track loaders, backhoe loaders, excavators, aerial lifts, boon lifts, and scissor lifts) to customers in Alabama and the southeastern United States. The Debtor also services and sells previously-rented heavy equipment and machinery. The Debtor provides its services primarily to customers in the construction industry. The operates facilities in Dothan, Alabama, and Sylacauga, Alabama, both of which are leased.

6. As of the Petition Date, the Debtor had 24 employees. The Debtor filed this case in an effort to restructure its debts and reorganize for the benefit of its creditors, customers, and employees.

## Summary of Prepetition Secured Indebtedness

7. The Debtor's primary secured creditor is Synovus Bank ("**Synovus**"), which is owed approximately $200,993.00 in connection with a prepetition line of credit. Synovus asserts a first priority perfected security interest in the Debtor's inventory, equipment, accounts,

instruments, general intangibles, investment property, government payments and programs, and the cash and non-cash proceeds thereof. In addition, Synovus asserts that its liens secure other amounts owed by the Debtor to Synovus.[1] Accordingly, Synovus asserts a lien on Cash Collateral within the meaning of Section 363(a) of the Bankruptcy Code.

8. In addition, prior to the filing of this Chapter 11 case, the Debtor and Interstate Billing Service, Inc. ("**IBS**") executed that certain Dealer Accounts Receivable Agreement, pursuant to which IBS agreed to factor the Debtor's accounts receivable. Synovus asserts that funds received from IBS, which are cash proceeds from the Debtor's accounts which secure the Synovus obligations, constitute its Cash Collateral.

9. Further, prior to the Petition Date, the Debtor obtained purchase money equipment financing and/or leases from the following entities (together with Synovus and IBS, the "**Lenders**"):

| **Lender** |
| --- |
| |
| Bank of the West |
| CIT Bank, N.A. |
| De Lage Landen Financial Services, Inc. |
| First Corporate Solutions, as Representative |
| FirstLease, Inc. |
| GreatAmerica Financial Services Corp. |
| Kubota Credit Corporation, USA |
| Northpoint Commercial Finance, LLC |
| PNC Equipment Finance, LLC |
| ServisFirst Bank |
| Skyjack Financial Services |
| Stearns Bank, N.A. |
| Terex Corp. |
| Terex Financial Services, Inc. |
| U.S. Bank Equipment Finance |

---

[1] Synovus also has three secured loans outstanding to the Debtor in connection with the Debtor's acquisition of certain trucks and/or trailers. Additionally, Synovus loaned the Debtor approximately $683,000 pursuant to the Paycheck Protection Program.

3

| |
|---|
| U.S. Small Business Administration |
| United Leasing, Inc. |
| Wacker Neuson Finance |
| Wacker Neuson Sales Americas, LLC |
| Wells Fargo Bank, N.A. |
| Wells Fargo Commercial Distribution |
| Western Equipment Finance, Inc. |

10. The Debtor believes that some or all of the Lenders may assert liens on and security interests in proceeds from any sale or other disposition of the respective equipment or vehicles that each financed. Synovus asserts that the proceeds, to the extent such proceeds exceed the payoff of the outstanding purchase money financing, constitute Synovus's Cash Collateral.

11. The Debtor intends to use Cash Collateral to pay operating expenses and the costs of administering this Chapter 11 case.

12. The Debtor reserves all rights with respect to the validity and amount of claims and liens.

**Relief Requested and Grounds for Relief**

13. The Debtor respectfully requests the entry of an interim order in the form attached hereto as **Exhibit A** authorizing the use of Cash Collateral, in accordance with a budget to be filed with the Court in advance of the initial hearing, to fund its operating expenses and costs of administering this Chapter 11 case to avoid immediate and irreparable harm to the estate pending a final hearing and the entry of a final order. Specifically, the Debtor intends to use Cash Collateral pursuant to the interim order for:

    a. payroll;

    b. insurance, including worker's compensation, health insurance, and general liability insurance;

    c. payment of utilities;

4

      d.      other payments necessary to sustain continued business operations;

      e.      care, maintenance, and preservation of the Debtor's assets; and

      f.      costs of administration in this Chapter 11 case.

Except as specifically authorized by law or court order, the Debtor will not use Cash Collateral to pay pre-petition obligations, or to pay professional expenses, except as approved by the Court.

14.     The Debtor requests authorization to use Cash Collateral immediately to fund operating expenses necessary to continue the operation of its business, to maintain the estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

15.     There is insufficient time for a full hearing pursuant to Rule 4001(b)(2) of the Bankruptcy Rules to be held before the Debtor must use Cash Collateral. If this motion is not considered on an emergency basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operations of the Debtor's business and on the value of its assets. To continue its business activities in an effort to achieve a successful reorganization, the Debtor must use Cash Collateral in the ordinary course of business. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization. Any such discontinuation would also materially and adversely impact the value of the collateral securing any secured indebtedness (the "**Collateral**"). Indeed, it is in the best interest of Synovus and all other Lenders that the Debtor use Cash Collateral, if such usage will preserve the value of the Collateral, subject to the terms of an order authorizing such usage while protecting the interests of the secured parties.

16. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). Pursuant to Section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtor to use cash collateral as long as the applicable secured creditors consent or are adequately protected. *See, e.g., In re Mellor,* 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick,* 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured creditor or must establish to the court that the secured creditor's interest in the cash collateral is adequately protected).

17. In exchange for the Debtor's ability to use Cash Collateral in the operation of its business, the Debtor proposes to grant to Synovus, as adequate protection, replacement liens to the same extent, validity, and priority as existed on the Petition Date, to be deemed immediately perfected without the need for further action by Synovus. In other words, the Debtor proposes that the "floating" liens of Synovus on such assets continue to "float" to the same extent, validity, and priority as existed on the Petition Date, notwithstanding Section 552 of the Bankruptcy Code. The Debtor also proposes to pay to Synovus Bank on a monthly basis accrued interest owed on the line of credit in accordance with the governing loan documents. The Debtor asserts that the interests of Synovus will be adequately protected by the replacement liens and monthly interest payments.

18. If allowed to use Cash Collateral, the Debtor believes that it can stabilize its business operations and maintain going concern value. Otherwise, the Debtor's business operations will cease and its assets will have only liquidation value.

19. This motion is without prejudice to the rights of the Debtor or any other party to contest the extent, validity and/or priority of the Lenders' asserted liens.

WHEREFORE, the Debtor respectfully requests that this Court: (1) enter an interim order granting this motion and authorizing the interim use of Cash Collateral; (2) schedule an initial hearing on this motion; (3) schedule a final Cash Collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (4) provide for such other and further relief as may be just and proper.

/s/ Edward J. Peterson
Edward J. Peterson
Alabama Bar No. 1848-E68E
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: epeterson@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* has been furnished on this 13th day of August, 2020, by either the Court's CM/ECF system, electronic mail, or U.S. mail to:

All parties receiving CM/ECF service
20 Largest Unsecured Creditors
Secured Creditors on attached Service List

Jayna Lamar, Esq., Counsel for Synovus Bank
(via email: JLamar@maynardcooper.com)

/s/ Edward J. Peterson
Edward J. Peterson

| | | |
|---|---|---|
| Dell Financial<br>P.O. Box 81577<br>Austin, TX 78708-1577 | Larry and Helen Holcomb<br>1497 Coosa County Rd. 78<br>Sylacauga, AL 35151 | Michael Butler Broadcasting<br>P.O. Box 780146<br>Tallassee, AL 36078 |
| Rand-Reilly, LLC<br>Data Proucts<br>P.O. Box 2029<br>Tuscaloosa, AL 35403 | Robert Gardner, Jr.<br>514 N. E. Blvd.<br>Montgomery, AL 36117 | South Hood, LLC<br>165 East University Drive<br>Auburn, AL 36830 |
| Spratlin, Ricky<br>990 Mahone Barnett Rd.<br>Tuskegee, AL 36083 | Susan Y. Hardwick<br>1981 Highway 87 S<br>Navarre, FL 32566 | Synovus Bank<br>c/o Jayna P. Lamar, Esquire<br>jlamar@maynardcooper.com |
| Tiger Tire & Auto<br>1994 Lee Road 137<br>Auburn, AL 36832 | Trackunit<br>700 Commerce Dr., #500<br>Oak Brook, IL 60523 | USMD, LLC<br>7366 Gulf Blvd.<br>Navarre, FL 32566 |
| WMJSHR Investments, LLC<br>P.O. Box 1207<br>Dothan, AL 36302 | | |

20 Largest Unsecured Creditors

| | | |
|---|---|---|
| Ally Financial<br>P.O. Box 8100<br>Dothan, AL 36303 | Attorney General of the United States<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530-0001 | Bank of the West<br>475 Sansome St., 19th Floor<br>NC-Tri-19-A<br>San Francisco, CA 94111 |
| Chrysler Capital<br>P.O. Box 660335<br>Dallas, TX 75266-0335 | CIT Bank, N.A.<br>10201 Centurion Pakway N., #100<br>Jacksonville, FL 32256 | De Lage Landen Financial Services, Inc.<br>1111 Old Eagle School Rd.<br>Wayne, PA 19087 |
| First Corporate Solutions, as Representative<br>914 S. St.<br>Sacramento, CA 95811 | FirstLease, Inc.<br>1 Walnut Grove Dr., #300<br>Horsham, PA 19044 | Ford Motor Credit Co.<br>National Bankruptcy Service Center<br>P.O. Box 62180<br>Colorado Springs, CO 80962 |
| Great America Finance<br>dba Wacker Neuson Finance<br>c/o Mathew M. Cahill, Esquire<br>mcahill@bakerdonelson.com | Interstate Billing Service<br>P.O. Box 2250<br>Decatur, AL 35609 | Kubota Credit Corporation USA<br>4400 Amon Carter Blvd., #100<br>Fort Worth, TX 76155 |
| Kubota Credit Corporation, USA<br>P.O. Box 2046<br>Grapevine, TX 76099 | Northpoint Commercial Finance, LLC<br>11675 Rainwater Dr., #450<br>Alpharetta, GA 30009 | PNC Equipment Finance, LLC<br>655 Business Center Dr.<br>Horsham, PA 19044 |
| R. Michael Thompson, Esq.<br>Thompson, O'Brien, Kemp & Nasuti<br>40 Technology Pkwy. S., #300<br>Norcross, GA 30092 | ServisFirst Bank<br>2500 WoodCrest Place<br>Birmingham, AL 35209 | Skyjack Financial Services<br>207 N. Michigan Ave., #200<br>Howell, MI 48843 |
| Stearns Bank, N.A.<br>500 13th St.<br>Albany, MN 56307 | Synovus Bank<br>c/o Jayna P. Lamar, Esquire<br>jlamar@maynardcooper.com | Terex Corp.<br>dba Terex Construction Americas<br>8800 Rostin Rd.<br>Southaven, MS 38671 |
| Terex Financial Services, Inc.<br>200 Nyala Farm Rd.<br>Westport, CT 06880 | U.S. Bank<br>200 S. 6th St.<br>Minneapolis, MN 55402 | U.S. Bank Equipment Finance<br>1310 Madrid St., #101<br>Marshall, MN 56258-4002 |
| U.S. Small Business Administration<br>2 North St., #320<br>Birmingham, AL 35203 | United Leasing, Inc.<br>3700 E. Morgan Ave.<br>Evansville, IN 47715 | VFS US, LLC<br>P.O. Box 26131<br>Greensboro, NC 27402 |
| Wells Fargo Commercial Distribution Finance, LLC<br>P.O. Box 957408<br>Schaumburg, IL 60195 | Western Equipment Finance, Inc.<br>P.O. Box 640<br>Devils Lake, ND 58301 | Wells Fargo Bank, N.A.<br>300 Tri-State International, #400<br>Lincolnshire, IL 60069 |

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
www.almb.uscourts.gov

In re:                                              Chapter 11

AGF MACHINERY, LLC,                                 Case No. 20-11029

    Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH
COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO
SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE
<u>AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

THIS CASE came before the Court for hearing (the "**Hearing**") on _____, 2020, at _____ m. for consideration of the *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 55 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* (Doc. No. \*\*\*\*) (the "**Motion**")[1]. The Motion seeks the entry of interim

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

and final orders authorizing the Debtor to use "cash collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the Bankruptcy Administrator for the Middle District of Alabama, (ii) the Lenders, (iii) all known secured creditors of the Debtor, and (iv) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary. The Court considered the Motion, together with the record and the argument of counsel at the Hearing, and it appearing that the use of cash collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED** that:

1. Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on _____.

3. All persons and entities owing monies to the Debtor are authorized and directed to pay the monies to the Debtor, without setoff, which sums shall upon collection by the Debtor constitute cash collateral (as that term is defined in Section 363(a) of the Bankruptcy Code).

4. The Debtor is authorized to use cash collateral including, without limitation, cash, deposit accounts, accounts receivable, and proceeds from its business operations in accordance with the budget (the "**Budget**"), a copy of which is attached hereto as **Exhibit A**, so long as the aggregate of all expenses for each week do not exceed the amount in the Budget by more than ten

percent (10%) for any such week on a cumulative basis (the "**Variance**"). Notwithstanding the foregoing, subject to the provisions of paragraph eleven of this Order, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of cash collateral unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

5. The Debtor shall report to Synovus no later than Friday of each week regarding its use of cash collateral, and its adherence to the Budget, during the preceding week while this Interim Order is pending.

6. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to Synovus pursuant to the terms and conditions of this Interim Order. As adequate protection with respect to the interests of Synovus in the cash collateral, Synovus is granted a replacement lien in and upon all of the categories and types of collateral in which it held a security interest and lien as of the Petition Date to the same extent, validity and priority that it held as of the Petition Date, which security interests shall be deemed immediately perfected without the need for further action on the part of Synovus. The Debtor is also directed to pay to Synovus, as adequate protection, interest accruing on the line of credit on a monthly basis, in accordance with the governing loan documents.

7. The Debtor shall maintain insurance coverage for the Collateral in accordance with the obligations under the loan and security documents.

8. This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtor or the estate. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

9. This Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor, and is likewise without prejudice to the right of any creditor to seek additional relief concerning cash collateral by subsequent motion and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

10. This Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

11. It shall be an event of default if the Debtor exceeds the Variance without the prior written consent or subsequent written agreement of Synovus, which consent shall not be unreasonably withheld for a reasonable and necessary expense that would be entitled to administrative expense priority if the recipient had extended credit for the expenditure and that would not cause the Variance to exceed the weekly Budget by more than twenty percent (20%); provided, however, in the event of a default, the Debtor's authority to use cash collateral shall continue until Synovus obtains an order by appropriate motion after notice and hearing requiring the Debtor to cease using cash collateral.

12. It shall be an event of default if the case is dismissed or converted to Chapter 7 during the pendency of this Interim Order.

13. In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use cash collateral pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

14. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

###END OF ORDER###

Order drafted by:
Edward J. Peterson
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St., #200
Tampa, FL 33602
(813) 229-0144
epeterson@srbp.com

# **EXHIBIT A**